# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JOHN RUSSELL WISE,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:13-cv-1001-CLS |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, John Russell Wise, commenced this action on May 26, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred in evaluating claimant's subjective complaints of pain and his credibility, and that new evidence submitted for the first time to the Appeals Council should have changed the administrative decision. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir.

1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ found that claimant suffered from the severe impairments of degenerative disc disease of the cervical spine, low back pain of uncertain etiology, and depression.[1]  He nonetheless concluded that claimant retained the residual functional capacity to perform a limited range of light work.[2]  The ALJ also found that claimant's medically determinable impairments could reasonably be expected to cause the disabling symptoms claimant alleged, but he nonetheless concluded that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the residual functional capacity finding.[3]  Specifically, the ALJ reasoned that,

> based on a close review of the medical evidence of record, as well as all pertinent testimony at the hearings, the undersigned finds that the preponderance of the most credible and convincing evidence contained in the record has not supported the claimant's allegations of totally incapacitating symptoms, and that the claimant's statements regarding the severity, frequency and duration of [his] impairments have been overstated.[4]

The court concludes that the ALJ's credibility finding was in accordance with applicable law and supported by substantial evidence.  Contrary to claimant's assertion, the ALJ adequately articulated reasons for rejecting claimant's credibility.

---

[1] Tr. 19.
[2] Tr. 20-21.
[3] Tr. 24.
[4] Tr. 26 (alteration supplied).

3

First, the ALJ reviewed claimant's medical records and found that they did not support claimant's allegations of disabling pain.[5] The ALJ's discussion of the medical evidence is supported by the record.

Second, the ALJ also reasoned that claimant's daily activities were not limited to the extent one would expect, considering the disabling symptoms claimant alleged.[6] Claimant completed a Function Report on August 25, 2008. He indicated that he lived in a house with his parents, and he tried to provide as much help as possible to his father, a stroke victim. His back condition affected his sleep because he could not find a comfortable position. He had no problems with personal care, including remembering to take care of his personal needs or to take medication. He sometimes prepared his own meals, like sandwiches or barbecue. He could perform household chores, including laundry, cleaning, and mowing the grass with a riding mower, but it would take him several days to physically recover from mowing. He left the house every day, either by walking or driving a car. He could shop in stores and online for food and personal needs once or twice a week for one to one and a half hours at a time. He had no problems managing his personal financial affairs. His hobbies included watching sports and movies on television, but he could no longer play sports like he used to. He visited with his children and friends as often as

---

[5] Tr. 24-25.
[6] Tr. 25.

possible. He could walk 200 yards before needing to stop and rest for a minute or two. He could pay attention, finish tasks, and follow instructions without difficulty. He could handle stress "average," and he could handle changes in routine "fine." He used a knee brace daily.[7] Claimant also testified during the administrative hearing that he could stand for one to two hours before needing to sit, and he could sit for one to two hours before needing to stand up. He could walk a half-mile to a mile before needing to stop.[8] He also testified that he sometimes helps his 93-year-old grandmother by fixing her television or checking the oil in her car, and that he works in his yard a little bit to keep himself occupied.[9]

Claimant asserts that the ALJ's assessment of his daily activities was "misleading," because "[t]he ability to perform the limited activities noted by the ALJ does not rule out the presence of disabling pain."[10] Indeed, the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). That does not mean, however, that a claimant's ability to carry out daily activities should not be considered at all in the disability determination process. To the contrary, Social Security regulations

---

[7] Tr. 134-141.
[8] Tr. 40.
[9] Tr. 44.
[10] Doc. no. 9 (claimant's brief), at 7-8 (alteration supplied).

expressly provide that such activities *should* be considered.  *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's pain).  Here, the ALJ did not rely *solely* upon claimant's daily activities in determining her ability to work. Instead, he simply (and properly) considered claimant's activities as one factor in evaluating the credibility of claimant's subjective complaints.  Moreover, the ALJ's conclusions about claimant's credibility and daily activities were supported by substantial evidence.

Third, the ALJ reasoned that claimant had received relatively routine and conservative treatment for his symptoms, indicating that they were not severe as alleged.  Claimant counters that he was routinely prescribed Lortab, which indicates that his symptoms must have been severe.  While claimant's medication certainly is a factor to consider in evaluating his pain, *see* 20 C.F.R. § 404.1529(c)(3)(iv), not every person who takes pain medication is disabled, and there certainly other more aggressive treatments, like surgery, that claimant never received.  *See* 20 C.F.R. § 404.1529(c)(3)(v).

Fourth, the ALJ reasoned that "[t]he description of symptoms and limitations, which the claimant has provided throughout the record[,] has generally been inconsistent and unpersuasive."[11]  Claimant does not specifically challenge this point

---

[11] Tr. 25-26 (alterations supplied).

in his brief, and the court concludes that the ALJ's finding is supported by the record.

Fifth, the ALJ reasoned that,

> [g]iven the clamant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet, a review of the record in this case reveals no restrictions recommended by the treating doctor or by any other practitioner.[12]

Claimant does not dispute this finding based on the evidence that was available to the ALJ at the time of the administrative decision, but he nonetheless argues that additional evidence submitted for the first time to the Appeals Council should have changed the administrative decision.

> When a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. *The new evidence must relate back to the time period on or before the date of the ALJ's decision.* 20 C.F.R. § 404.970(b).

*Smith v. Social Security Administration,* 272 F. App'x 789, 802 (11th Cir. 2008) (emphasis supplied).

The new evidence referred to by claimant is an August 26, 2011 form completed by Dr. James Tuck, and bearing the title "Non-Exertional Factors Affecting Your Patient." Dr. Tuck indicated that claimant "apparently" had chronic

---

[12] Tr. 26 (alteration supplied).

pain as a result of his medical condition. The pain level was rated as moderately severe, which means that it "could be tolerated but would cause marked handicap in performance of the activity precipitating the pain." There were no objective signs of the pain. Claimant would occasionally need rest periods during the day to walk around or lie down to relieve pain. Claimant was noted as taking Lortab and Alprazolam, which could have the side effects of sedation and constipation. In response to the question, "As a result of the claimant's medical condition, attendant limitations, pain and/or any side effects of medication(s), would the claimant likely have to miss 2 or more days per month from work?," Dr. Tuck checked the box for "no." Even so, he stated that response was "not a given," because claimant had been unable to work for three years.[13]

The court concludes that Dr. Tuck's evaluation would not change the administrative result. Claimant's alleged onset date was November 5, 2007, and he was insured for disability benefits only through December 31, 2008.[14] Dr. Tuck's evaluation was not submitted until August 26, 2011. Given that significant temporal gap, there is no indication that Dr. Tuck's opinion relates back to the time period on or before the administrative decision.

The ALJ's sixth and final reason for discounting claimant's credibility was that

---

[13] Tr. 246.
[14] Tr. 17.

claimant had "no neurological deficits, muscle atrophy, or significant weight loss, generally associated with protracted pain, at a severe level."[15] Claimant did not challenge that finding in his brief, and the court concludes the finding was supported by substantial evidence.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 21st day of January, 2014.

_____
United States District Judge

---

[15] Tr. 26.